| iJOHNSON, J.,
dissenting.
Petitioner was allowed to take the bar examination based on a certification of fitness of character issued by Loyola University. She passed the bar examination but was not admitted to practice law because Loyola later objected to her admission, stating that she was the subject of an investigation stemming from claims of embezzlement of funds from law school student accounts. There is no evidence that any criminal charges were ever filed by Loyola, and in any other forum, Loyola would be required to prove these charges of embezzlement. In this forum, petitioner must prove that she has the requisite character and fitness to be admitted to practice law in the State of Louisiana. Because her moral fitness has been called into question, petitioner bears the burden of proving she is morally fit to practice law.
The due process right to a fair hearing is implicit in Art. XIV, § 7(B)(1) of the Articles of Incorporation of the Louisiana State Bar Association. This entire process fails to satisfy due process requirements because the commissioner we appointed to this case allowed Loyola University to take over these proceedings. I would await a final resolution of these embezzlement charges by the petitioner’s accuser before reaching a decision on her moral fitness.
For the foregoing reasons, I respectfully dissent.